UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN J. JAHRLING,

    Defendant-Appellant,

v.

ESTATE OF STANLEY CORA,

    Plaintiff-Appellee.

No. 14 C 8056
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The matter before me is an appeal from the ruling and order of the Bankruptcy Court, Northern District of Illinois, Eastern Division. The matter was heard and decided by Judge Cox who ruled in favor of the Estate of Stanley Cora ("Estate") and against John J. Jahrling, an Illinois lawyer.[1]

In 2003, Walter Rywak, an attorney, asked Jahrling to assist at a real estate closing on April 10, 2003 related to the sale of Stanley Cora's house. Stanley Cora, aged 90, was selling his house to Bohdan Demkov and Nadja Koval, who were represented by Rywak in this transaction. Jahrling says that he was to prepare the closing documents and attend the closing. The closing statement itself was prepared by Jahrling who listed himself as the seller's attorney. Nonetheless, Jahrling asserted that his role in the transaction was not to represent Cora and serve as Cora's

---

[1] The Bankruptcy Judge concluded that a legal malpractice debt could not be discharged because the conduct of the debtor, while acting in a fiduciary capacity, committed defalcation with respect to the debt of $26,000 owed to the Estate. There were alternative theories pled to dispose of this case on a variety of grounds, including: (1) the failure of Jahrling to elect to take a share of his deceased spouse's probate estate; (2) the failure of Jahrling to account for his inheritance when his mother died; (3) the improper use of two inheritances was fraudulent; and (4) Jahrling improperly refused to reveal income and pledged collateral for his son. Jahrling sought to bar the Estate's claim on grounds that the statute of limitations barred the Estate's claim and the Estate's failure to meet its burden of proof on §§ 727(a)(3) and (a)(5). Judge Cox found none of these arguments persuasive and neither party has appealed these rulings and, in any event, I find that her decisions favoring Jahrling on these points were without error.

1

attorney. The Estate, however, contended that Jahrling was Cora's attorney and acting as a fiduciary for Cora.

The sale went through.[2] Later Cora filed a complaint in the Circuit Court of Cook County, wherein the purchasers were sued for rescission and fraudulent inducement, and Jahrling was sued for legal malpractice. Judge Mary Anne Mason was the assigned judge in the Chancery Division. The Estate alleged in its complaint that the purchasers offered to pay $35,000 for Cora's property and promised to let Cora live in a smaller upstairs apartment rent free for life. Cora did intend to sell the property in exchange for cash and a life estate to live in the apartment. The right to the life estate in the apartment was not provided for in the various documents regarding the sale. Subsequently, the purchasers sought Cora's eviction.

Cora did not speak English; he spoke Polish. Jahrling does not speak Polish and sought to communicate with Cora by using the purchasers' attorney, Rywak, to translate Polish to English and vice versa. Jahrling, who was paid $400 by Rywak for completing the closing work, testified that he did not know Cora wanted the life estate. Despite the fact that Rywak paid Jahrling, Judge Mason found that Jahrling was Cora's attorney and that he should have taken care to learn from Cora what goals Cora sought to accomplish in the transaction. Judge Mason also ruled that it was *per se* unreasonable for an attorney to represent a client whose language he or she cannot understand. Use of a translator may be necessary, as it was during the sale of Cora's home, and

---

[2] Cora twice filed ARDC complaints against Jahrling. The first was a complaint about the sale price, the result of which the ARDC concluded that Jahrling's conduct did not deserve disciplinary action. The second, filed by counsel after the state court proceedings, was believed by the ARDC to be an inadequate cause for further investigation. It appears that Jahrling did not, at the ARDC, deny representing Cora. In any event, the ARDC is not a court of law but an administrative agency under the authority of the Supreme Court of Illinois. The ARDC does not rule on the rights of the persons complaining against the lawyer. The lawyer is the only party to an ARDC proceeding. Exonerating a lawyer from charges of misconduct does not prevent the client from bringing complaints in state and federal courts to seek damages or other remedies against their lawyers. In a civil case filed against a lawyer for malpractice, the judge may consider the views of the ARDC in weighing the evidence, but the court may find the opinions of the ARDC unpersuasive.

the clear duty of a translator/interpreter is to perform impartially. When an interpreter is an attorney for the other party, interests are not aligned.

The transaction was a sale—a sale in which an owner wants the higher price and the buyer wants the lower price. Moreover, it is not just price that is at issue: clarity and completeness of the written terms of agreement is necessary. Rywak's goal was to get the best deal for his clients—the buyers—not for Cora, the seller who could not speak English. Judge Mason noted that Cora sold a home worth $106,000 in exchange for a mere third of its market value and no life estate. The buyers then sold the property within the year for $145,000.

The struggle in the Bankruptcy Court and on this appeal was confined to the single question of whether Jahrling was Cora's attorney. That was the beginning and the end of the issue the Bankruptcy Court was to decide. If Jahrling was found to be Cora's attorney, his defense would be untenable. If, on the other hand, Jahrling was not Cora's attorney, he would need no defense. To that end, if Jahrling was not Cora's attorney then he would not have to defend a representation of a client whose words he could not understand; his willing reliance on a single source of information furnished by an attorney whose duties ran to Cora's adversaries; or his going forward with a transaction that ought to have been delayed until he had a reliable Polish interpreter to help him understand what Cora was saying.

So, Bankruptcy Judge Jacqueline P. Cox, took up, at the request of the Estate, the question of whether to preclude Jahrling from litigating again the question of whether Jahrling was, in fact, Cora's attorney and Cora was, in fact, Jahrling's client, as well as, in trying to answer that question, whether the issue was precluded by collateral estoppel. *Matter of Bulic*, 997 F.2d 299 (7th Cir. 1993); *Dexia Credit Local v. Rogan*, 629 F.3d 612 (7th Cir. 2010). The state court determined that Jahrling was Cora's attorney at the real estate closing. There is no

difference between the issue decided by Judge Mason and the issue before the Bankruptcy Court. The parties are in privity, i.e. the state or a party in this case. The merits of the claim that Jahrling was Cora's attorney were entered with finality. Despite the finality of the state court finding, Jahrling continued to deny his representation during the hearings before the Bankruptcy Court.

Judge Cox noted these denials in her court which she concluded lacked credibility and failed to convince the Bankruptcy Court that Cora was not Jahrling's client. The defendant Jahrling notes that exceptions to dischargeability of a debt under § 523(a) are strictly construed. In Jahrling's reply brief, the defendant notes, "an attorney can fail to properly communicate with his client and be found guilty of a violation of the Rules without a showing of incompetence, dishonesty or lack of diligence." Reply Brief P. 2. The source of this is a Hearing Board decision, yet this plain principle is not shown in any application by a Hearing Board. The language simply instructs that an incompetent, dishonest or lazy attorney can in *some* cases violate the Rules without being shown to be incompetent, dishonest or less than diligent.

The few cases cited by Jahrling are clearly distinguishable. What matters here is not what the attorney did; rather, it is what he did not do and what he was incapable of doing. Jahrling was Cora's lawyer but he could not communicate with his client because he shared no language with his client and had no uninterested interpreter. It is undisputed that Jahrling knew that the interpreter, Rywak, was there to represent Demkov and Koval. When the transaction occurred, Jahrling was the equivalent of a non-lawyer deciding to represent a client. In dealing with Cora, Jahrling was a fiduciary who demonstrated incompetence paired with grossly reckless conduct. *See Bullock v. BankChampaign N.A.*, 133 S.Ct. 1754 (2013); *Matter of Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994).

For the foregoing reasons, I affirm the judgment and order of the Bankruptcy Court that

4

A.     John C. Jahrling committed defalcation as fiduciary to Stanley Cora under § 532(a)(4) of the Bankruptcy Code

B.     Judgment will be entered in favor of the Estate of Stanley Cora and against John C. Jahrling on Count I of the Amended Complaint

C.     The $26,000 legal malpractice judgment is nondischargeable.

D.     Judgment will be entered in favor of John C. Jahrling and against Estate of Stanley Cora on Count II, § 523(a)(6) and on Count III, § 727(a)(3) and (a)(5) allegations.

ENTER:

James B. Zagel
United States District Judge

DATE: May 13, 2015

.